**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED: JULY 14, 2008
08CV3988
JUDGE KOCORAS
MAGISTRATE JUDGE VALDEZ
TG

| | |
|---|---|
| WINIFRED DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 5820 |
| v. ) | |
| ) | |
| A.H. MANAGEMENT GROUP, INC., a ) | Judge: Charles P. Kocoras |
| Delaware corporation authorized to conduct ) | |
| business in Illinois, and CHARLES SMITH, ) | Magistrate Judge: Maria G. Valdez |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT AT LAW

Now Comes the Plaintiff, Winifred Dean ("Dean"), by and through her attorneys, Sullivan Hincks & Conway, and for her Complaint against the Defendants, A.H. Management Group, Inc. ("AHM") and Charles Smith ("Smith") states as follows:

### Parties and Jurisdiction

1.      Plaintiff Dean is an individual residing in Aurora, Illinois at all times relevant to this Complaint and from August 18, 2004, through May 1, 2007, was actively employed as a full-time employee by AHM.

2.      Defendant, AHM is a Delaware corporation registered to do business as a foreign corporation with the Illinois Secretary of State with its principal place of business located at 1151 Rohlwing Road, Rolling Meadows, Illinois.

3.      Defendant Smith is, on information and belief, an individual residing in the State of Illinois at all times relevant to this Complaint employed by AHM as a District Manager.

4.     The Family Medical Leave Act (hereinafter "FMLA"), which is a subject of this action, is contained in 29 U.S.C. § 2601 and provides this Court with Federal question jurisdiction.

5.     This Court is vested with jurisdiction in this action pursuant to 29 U.S.C. §2617 (a)(2) and 28 U.S.C. §§1331 and 1343.

6.     Venue resides with this Court under 28 U.S.C. §1391.

## COUNT I – Family and Medical Leave Act

7.     AHM is engaged in the business of, among other things, providing food service management services for businesses throughout the Chicago area including, as relevant herein, to Cabot Microelectronics located at 870 N. Commons, Aurora, Illinois.

8.     AHM is engaged in an industry or activity affecting commerce and, at all relevant times, AHM employed more than 50 employees within 75 miles of the Cabot Microelectronics location each working day during each of 20 or more calendar workweeks in 2006 and 2007.

9.     Dean was employed by AHM for at least 12 months at the cafeteria located at Cabot Microelectronics location in Aurora, Illinois, and worked at least 1250 hours during the 12 months prior to the time she requested Medical Leave.

10.     During the entire term of her employment, Dean consistently and without exception received favorable performance reviews from her immediate supervisors and never received a negative rating on any of eleven factors considered by her supervisors in conducting such performance reviews.

11.     On or about February 26, 2007, Dean suffered a serious and unforeseen health condition resulting from a torn meniscus when she slipped on a patch of ice at her

home that rendered Dean unable to perform the functions of the position of her employment as a cafeteria worker.

12.     On February 26, 2007, Dean notified AHM of her injury and requested medical leave to enable her to recover from her injury and return to work.

13.     On March 5, 2007, AHM acknowledged Dean's eligibility to take Medical Leave under the Family and Medical Leave Act ("FMLA") and AHM acknowledged that Dean was not a "key employee" as defined by the FMLA.  See "Employer Response" dated March 5, 2007 attached hereto as Exhibit "1".

14.     On March 16, 2007, in accordance with a request by AHM, Dean's treating physician sent to AHM certification of Dean's injury by facsimile.

15.     On April 30, 2007, Dean had recovered from her serious knee injury and on that date, Dean contacted Dan McMullen, a human resources manager for AHM, requesting AHM to restore her to her position as a cafeteria worker for AHM and Dan McMullen responded that he believed it was a good idea and suggested that she call Smith directly to secure her place.

16.     On April 30, 2007, Dean telephoned Smith to inquire as to when and if Smith wanted Dean to report back to work and Smith responded that he would call Dean back the next day with an answer.

17.     On May 1, 2007, Smith telephoned Dean at approximately 6:00 p.m. to inform Dean that she was "being laid off" and, during that conversation, Smith stated to Dean, "Why don't you go out on total disability for your diabetes."

18.     Effective May 1, 2007, despite acknowledging that Dean had a right to Medical Leave under the FMLA, AHM and Smith purposefully and in knowing violation

of Dean's right to be restored to her position under the FMLA, AHM, through Smith, wrongfully terminated Dean.

19. Effective May 1, 2007, AHM and Smith failed to restore Dean to an equal position and failed to maintain Dean's participation in AHM's group health plan for the entirety of her leave.

20. On information and belief, AHM continues to serve the same amount of people previously served at its Cabot Microelectronics location as AHM served prior to its wrongful termination of Dean.

21. As a consequence of AHM's and Smith's actions, Dean has suffered damages in the form of lost wages, benefits and compensation plus interest.

22. Additionally, Dean is entitled to front pay in an amount exceeding $50,000.00.

23. Pursuant to the FMLA, Dean is entitled to recover liquidated damages and her attorneys' fees in pressing this claim.

WHEREFORE, the Plaintiff, Winifred Dean, respectfully requests this Honorable Court enter Judgment for the Plaintiff and award Plaintiff the following damages:

a. Back wages, health insurance coverage, benefits and other compensation lost as a result of Defendant's violation of the FMLA;

b. Front pay in an amount exceeding $50,000.00;

c. Interest;

d. Statutory damages in the maximum amount permitted by the Family and Medical Leave Act; and

e. Attorneys' fees and costs in pursuing her claim.

Respectfully submitted,

WINIFRED DEAN

By: _____

One of Her Attorneys

Daniel C. Sullivan
Matthew P. Barrette
Sullivan Hincks & Conway
120 West 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021
(630) 573-5130 (fax)

# **A.H.** Management Group, Inc.

Vending Services ● Dining ● Office Coffee Services
1151 Rohlwing Road ● Rolling Meadows, IL 60008 ● (847)253-2070
www.ah-inc.com

March 5, 2007

Winifred Dean
349 W. Plum
Upper Apt.
Aurora, IL 60506

Re;  Family & Medical Leave (FMLA)

Dear Winifred:

We were sorry to hear about your accident and hope that you will recover soon. In the
meantime to protect your job, I have enclosed the paperwork for FMLA.

The first 2 pieces are just for your information, and you do not have to do anything with
them other than review them for your own information. The third piece needs to be
completed by your doctor and sent back to me. I have enclosed an envelope so make it
easier for them to return this form to me.

If there are any questions please feel free to contact me. We hope that you are better soon
and able to return to work.

Sincerely,

Daniel R. McMullen
Director, Human Resources

Attachments - 3

EXHIBIT
1